**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

v.

ANTONIO SINCLAIR, a/k/a Ant,
　　　　　　　*Defendant-Appellant.*

No. 02-4033

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-01-31-V, CR-01-31)

Submitted: August 28, 2002

Decided: October 3, 2002

Before WILLIAMS, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Chiege O. Kalu Okwara, LAW OFFICE OF CHIEGE O. KALU OKWARA, Charlotte, North Carolina, for Appellant. Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Antonio Sinclair appeals his conviction and 120-month sentence following his guilty plea to conspiracy to possess with intent to distribute and to distribute cocaine and cocaine base within 1,000 feet of a protected location in violation of 21 U.S.C. §§ 841(a)(1), 860 (2000).

Sinclair's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), questioning whether: (a) the district court properly complied with the requirements of Fed. R. Crim. P. 11 in accepting Sinclair's guilty plea; and (b) the district court properly sentenced Sinclair to the statutory minimum of 120 months. Counsel concedes, however, that there are no meritorious issues for appeal. In response, Sinclair has submitted a pro se supplemental brief claiming: (a) he only pleaded guilty based on the Government's implied assurances that it would move for a sentence below the statutory minimum pursuant to 18 U.S.C. § 3553(e) (2000); and (b) certain juvenile offenses were wrongly included in calculating his criminal history category. Finding no reversible error, we affirm.

Because Sinclair did not move to withdraw his guilty plea in the district court, we review his challenges to the Rule 11 proceeding for plain error. *See United States v. Martinez*, 277 F.3d 517, 524-27 (4th Cir.), *petition for cert. filed*, (Apr. 10, 2002) (No. 02-5170). We have reviewed the plea hearing and the colloquy that the lower court undertook with Sinclair and find that the court fully complied with Rule 11 and that Sinclair's plea was knowing and voluntary. Additionally, we find no merit to Sinclair's claim that his plea was improperly induced by any implied assurances that the Government would move for a § 3553(e) departure. Sinclair's plea agreement clearly stated that the decision as to whether to move for a § 3553(e) departure remained in the absolute discretion of the Government.

We decline to address Sinclair's challenge to the district court's decision to sentence him to the statutory minimum of 120 months. This sentence is within the guideline range and is below the statutory maximum sentence of life. *See* 21 U.S.C. § 841(b)(1)(A) (2000) (set-

ting forth statutory minimum and maximum). Because Sinclair's sentence does not exceed the maximum allowed by the Guidelines or statute, we will not review it on appeal. *See United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990) (finding challenge to court's exercise of discretion in setting a sentence within a properly calculated guideline range not addressable on appeal).

Finally, we find no merit to Sinclair's claim that certain juvenile offenses were wrongly included in calculating his criminal history category. We have reviewed the presentence report and find that the juvenile offenses in question were properly included in his criminal history pursuant to *U.S. Sentencing Guidelines Manual* § 4A1.2(d)(2) (2000).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Sinclair's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*